T.C. Memo. 2000-122


UNITED STATES TAX COURT


ROBERT and MILDRED PEACO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8273-99.                    Filed April 6, 2000.


<u>Michael B. Yulsman</u>, for petitioners.

<u>Carol-Lynn E. Moran</u> and <u>Kenneth J. Rubin</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notice dated February 10, 1999, respondent determined a deficiency of $218,903 relating to petitioners' 1995 Federal income tax.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioners are entitled, pursuant to section 104(a)(2), to exclude from income proceeds received in settlement of an age discrimination lawsuit.

FINDINGS OF FACT

Petitioners resided in Coatesville, Pennsylvania, at the time the petition was filed. In October 1994, Mrs. Peaco filed a lawsuit against her former employer, Chester County Intermediate Unit 24 (CCIU), alleging violations of the Age Discrimination in Employment Act (ADEA) and the Pennsylvania Human Relations Act (PHRA). She claimed damages which included fringe benefits, pension benefits, front pay, back pay, and pain and suffering. In her complaint, she did not allege facts relating to any personal injury.

In a letter to CCIU's executive director dated March 27, 1995, CCIU's attorney estimated that CCIU's liability to Mrs. Peaco could exceed $100,000 of back pay, and could be nearly $400,000 of front pay. The attorney suggested that the back pay amount would be doubled, in accord with the ADEA, if a jury found "willful" discrimination. He noted that the pain and suffering, and punitive, damages were "a wildcard".

On May 17, 1995, CCIU entered into an agreement with its insurer, Utica Mutual Insurance Company (Utica), allocating

$400,000 of the anticipated settlement proceeds to "back pay" and "front pay", and $100,000 to "pain and suffering".

In the summer of 1995, Mrs. Peaco settled the lawsuit for $584,000 and executed a Confidential Settlement Agreement and General Release (settlement agreement) that states: "All funds paid to Mildred Peaco in this settlement are for pain and suffering claimed in this matter arising from physical injury to her and not for front pay, back pay, or lost wages or benefits." At Mrs. Peaco's insistence, CCIU agreed to this allocation. Petitioners did not report the settlement proceeds on their return.

OPINION

Petitioners contend that the express terms of the settlement agreement reflect the intent of the parties, and, as a result, all of the proceeds are excludable, pursuant to section 104(a)(2). Respondent contends that the entire proceeds should have been included in petitioners' gross income.

Section 104(a)(2) provides that gross income does not include "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness." Thus, an amount may be excluded from gross income only when it was received both: (1) Through prosecution or settlement of an action based upon

tort or tort type rights, and (2) on account of personal injuries or sickness.  See Commissioner v. Schleier, 515 U.S. 323 (1995).

Petitioners contend that the express terms of the settlement agreement satisfy the personal injury or sickness requirement. The terms of the settlement agreement, however, do not reflect the realities of the settlement.  See Robinson v. Commissioner, 102 T.C. 116 (1994) (stating, under similar circumstances, that the Court's holding need not be consistent with the terms of a settlement agreement when those terms do not reflect the realities of the settlement), affd. in part, revd. in part, and remanded on other grounds 70 F.3d 34 (5th Cir. 1995).  A significant portion of the proceeds was paid to satisfy the loss of compensation claim.  The amount paid was consistent with CCIU's attorney's analysis of liability to Mrs. Peaco.

The agreement between CCIU and Utica, offered by respondent, evidences CCIU's intention to allocate a portion of the proceeds to personal injury.  Petitioners, however, disavow reliance on that agreement and contend that it had no binding effect on the settlement and should be wholly disregarded.  In sum, petitioners have failed to establish that Mrs. Peaco received all, or any part, of the proceeds on account of personal injury or sickness. Accordingly, the proceeds are not excludable pursuant to section 104(a)(2).

To reflect the foregoing,

Decision will be entered

under Rule 155.